# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| COAST CONVERTERS, INC., | ) | |
| Plaintiff(s), | ) | 2:07-CV-1026-RLH-RJJ |
| vs. | ) | **O R D E R** |
| | ) | (Motion to Dismiss–#10) |
| FEDERAL INSURANCE COMPANY; | ) | (Motion for Order Shortening Time–#11) |
| ANIELLO INSURANCE AGENCY, | ) | (Motion to Remand–#11) |
| | ) | (Emergency Motion to Stay–#20) |
| Defendant(s). | ) | |

Defendant Aniello Insurance Agency filed a **Motion to Dismiss** (#10), to which Plaintiff filed an Opposition (#18). No reply has been filed.

The day after the Motion to Dismiss was filed, Plaintiff improperly filed two motions under the same docket number: a **Motion for Order Shortening Time** (#11) and a **Motion to Remand** (#11). Defendant Federal Insurance Company filed an Opposition (#17) to the Motion for Order Shortening Time, and an Opposition (#16) to the Motion to Remand. Defendant Aniello Insurance Agency also filed an Opposition (#15) to Plaintiff's Motion to Remand.

The Court finds the Motion for Order Shortening Time to be without merit. These are matters which require adequate time to brief.

Plaintiff asks the Court to address the Motion to Remand before it addresses the Motion to Dismiss. However, the Oppositions to the Motion to Remand assert that the joinder of Defendant Aniello Insurance Agency is a fraudulent joinder. It is necessary to consider the Motion to Dismiss to determine whether the fraudulent joinder argument has merit.

1

The Motion to Remand contends that Plaintiff is a resident of Nevada because this is its principal place of business, therefore the removal was improper for two separate reasons: (1) Defendant Aniello Insurance Agency is a Nevada corporation and therefore a Nevada citizen, as is Plaintiff; and (2) there is a lack of diversity of citizenship between the parties involved because Federal Insurance Company is deemed a Nevada citizen by virtue of its status as Plaintiff's insurer and this is a direct action against the insurer, pursuant to 28 U.S.C. § 1332(c)(1).

The Oppositions to the Motion to Remand present essentially three arguments: (1) that Plaintiff is not really a Nevada resident; (2) this is not a direct action against an insurer, as that statute is interpreted; and (3) that Aniello Insurance Agency was fraudulently joined.

The authorization and procedures for a motion to remand are found in 28 U.S.C. § 1447(c). The Motion to Remand is timely and brought pursuant to the law.

The argument that Plaintiff is not really a Nevada resident has no merit. First, Defendants acknowledge that Plaintiff's principal place of business is North Las Vegas, Nevada, in the Notice of Removal, page 2, lines 13-15. Second, the entirety of Plaintiff's business operations is in Nevada, where it produces 100% of its product and employs more than 80% of its employees. Only two full time employees are in California where they perform customer service. Also, the property and business operations which are the subject of these claims are located in Nevada and the insurance contract or contracts were entered into regarding the Nevada operation. The Court finds that Nevada is Plaintiff's principal place of business.

The argument that Federal Insurance Company is not a resident of Nevada pursuant to § 1332(c)(1), because this is not a direct action against an insurer, does have merit. The phrase, "direct action" against an insurer is interpreted to be limited to an action by an injured party directly against the insurer of the party who injured the injured party. It is not an action by an insured against its own insurer. *See Searles v. Cincinnati Ins. Co.*, 998 2d. 728, 729 (9th Cir. 1993); *Vargas v. California State Automobile Association Inter-Insurance Bureau*, 788 F.Supp. 462 (D. Nev. 1992); both citing *Beckham v. Safeco Ins.*, 691 F.2d 989, 902 (9th Cir. 1982).

1  Plaintiff acknowledges its error and has withdrawn this argument as a basis for its
2  Motion to Remand.  Thus, Federal Insurance Company is not a resident of Nevada for purposes of
3  this suit.
4  The argument that Defendant Aniello Insurance Agency was fraudulently joined is
5  also without merit.  This argument requires the Court to determine whether the Motion to Dismiss
6  has merit.  That motion is based on the proposition that the claim is untimely, *i.e.*, that where
7  Plaintiff is claiming professional negligence or malpractice, Nevada case law holds that it may not
8  go forward until such time that the damages or losses which are allegedly caused by the malpractice
9  are established.  Defendant Aniello Insurance Agency goes to great length to discuss a Florida
10 Supreme Court case, which this Court finds to lack any precedential value and to be based on a
11 different fact scenario.
12 This is not a malpractice case.  It is a breach of contract and negligence case.
13 Defendant has not cited any case which authorizes dismissal, assuming Plaintiff's case had merit.
14 Contrary to Defendant's argument, there is no likelihood that if Plaintiff prevails against Federal
15 Insurance Agency it will be adequately and fully compensated for its loss.  Accordingly, the Court
16 will deny the Motion to Dismiss without prejudice, and deny the claim that Defendant Aniello
17 Insurance Agency was fraudulently joined.
18 Based upon the foregoing, the Court finds that the removal was improper.  First,
19 Plaintiff is a resident of Nevada and Defendant Aniello is a resident of Nevada.  Thus, the require-
20 ment of § 1332(a)(1), that the parties be citizens of different states, has not been met.  Neither has
21 the requirement of § 1441(b), that an action is not removable if a defendant is a citizen of the State
22 in which the action was brought, been met.  Based upon those findings the motion to remand must
23 be granted.
24 Finally, while the Court was preparing this Order, Defendant Aniello Insurance
25 Agency filed an **Emergency Motion to Stay Discovery Pending the Outcome of the Dispositive**
26 **Motions** (#20).  This Order renders that motion moot and it will be denied as such.

1    IT IS THEREFORE ORDERED that **Motion to Dismiss** (#10) is DENIED without
2 prejudice.
3    IT IS FURTHER ORDERED that **Motion for Order Shortening Time** (#11) is
4 DENIED.
5    IT IS FURTHER ORDERED that Plaintiff's **Motion to Remand** (#11) is
6 GRANTED, and this matter is remanded to the State Court from which it came, forthwith.
7    IT IS FURTHER ORDERED that Defendant Aniello Insurance Agency's **Emer-**
8 **gency Motion to Stay Discovery Pending the Outcome of the Dispositive Motions** (#20) is
9 DENIED as moot.
10   Dated: December 3, 2007.

_____
**Roger L. Hunt**
**Chief United States District Judge**